# Exhibit E

| | U.S Office of<br>Management and Budget | U.S Office of<br>Personnel Management | |

# MEMORANDUM

| **TO:** | Heads of Executive Departments and Agencies |
| **FROM:** | Russell T. Vought, Director, Office of Management and Budget;<br>Scott Kupor, Director, Office of Personnel Management |
| **DATE**: | November 5, 2025 |
| **RE**: | Guidance on Executive Order 14356, *Ensuring Continued Accountability in Federal Hiring* |

---

Since taking office, President Trump has made it a top priority to improve government efficiency, restore government accountability, and eliminate waste, bloat, and insularity.[1]  Those efforts have been a tremendous success. The Trump Administration has achieved unprecedented reductions in the Federal workforce, improving the efficient delivery of government services while prioritizing hiring for key national security, immigration enforcement, and public safety roles.

To protect and expand upon these historic reductions in the Federal workforce and ensure that the Federal government is optimally staffed to deliver on key administration priorities, on October 15, 2025, President Trump issued Executive Order 14356, titled *Ensuring Continued Accountability in Federal Hiring* (*Continued Accountability*). This Order sets forth policies and procedures that shall govern Federal hiring going forward.  The U.S. Office of Management and Budget (OMB) and the U.S. Office of Personnel Management (OPM) are now issuing guidance to help agencies implement *Continued Accountability*.[2]

## I.    Strategic Hiring Committees

Federal hiring must comply with the Merit Hiring Plan, and particularly its requirement that "[a]gency leadership must approve the opening of a new role."[3] Agency leadership should also "function as a hiring committee in the candidate selection process."[4]

To help fulfill these requirements, *Continued Accountability* requires each agency head to

---

[1] *See* Executive Order 14210, *Implementing The President's "Department of Government Efficiency" Workforce Optimization Initiative*, § 1 (February 11, 2025).

[2] OPM and OMB are providing this guidance pursuant to their statutory and regulatory authorities regarding Federal personnel management and oversight. *See* 5 U.S.C. §§ 1103(a)(5), 1103(c), 1104(a)(1), 1104(b), 31 U.S.C. §§ 503(b); *see also* 5 C.F.R. §§ 5.2, 10.3, 250.202(a), 250.203, 250.204. This memorandum shall be interpreted and implemented consistent with all applicable laws and subject to the availability of appropriations.

[3] White House Domestic Policy Council & OPM, *Merit Hiring Plan*, at p. 9 (May 9, 2025); *see also* Executive Order 14170, *Reforming the Federal Hiring Process and Restoring Merit to Government Service* § 2(b)(vii) (Jan. 20, 2025) (requiring that "Department and Agency leadership, or their designees, are active participants . . . throughout the full hiring process").

[4] White House Domestic Policy Council & OPM, *Merit Hiring Plan,* at p. 9 (May 9, 2025).

establish a Strategic Hiring Committee no later than November 17, 2025. The Strategic Hiring Committee must approve the creation or filling, as applicable, of each vacancy within the agency. Agencies can determine how components or subagencies submit requests to the Strategic Hiring Committee; for example, agencies may choose to allow components or subagencies to batch their vacancies, or request that vacancies are batched by occupation at the agency level for submission. Agencies may also create subcommittees at the component or subagency level to review requests being submitted to the Agency Strategic Hiring Committee, so long as each subcommittee is led by an official designated by the Strategic Hiring Committee.

*Continued Accountability* directs that the Strategic Hiring Committee should include the deputy agency head and the chief of staff to the agency head, along with such other senior officials as the agency head may designate.[5] With notice to OMB and OPM, the agency may substitute an assistant secretary, undersecretary, or another non-career official in place of the deputy agency head and/or chief of staff. Notices shall be submitted to workforce@omb.eop.gov and staffing@opm.gov.

The Strategic Hiring Committee must ensure that agency hiring is consistent with the national interest, agency needs, and administration priorities, as well as the Merit Hiring Plan and the agency's Annual Staffing Plan.[6] To operate effectively, the Strategic Hiring Committee should not ministerially ratify or routinely defer to the recommendations of others in reviewing and approving new hires, but should instead use its independent judgment. The Strategic Hiring Committee must provide prompt written notice of approved hires to OPM. Agencies shall report the membership of their Strategic Hiring Committees to workforce@omb.eop.gov and staffing@opm.gov no later than November 17, 2025.

## II.    Annual Staffing Plans/Quarterly Updates

*Continued Accountability* requires that each agency develop and submit an Annual Staffing Plan, in coordination with OMB and OPM, to ensure that new career appointments in the upcoming fiscal year are in the highest-need areas. These plans shall ensure that hiring is focused on critical mission areas, implementing the President's specific policy priorities, and enhancing service delivery.

Annual Staffing Plans should utilize metrics, frameworks, and criteria for evaluating the agency's current workforce and staffing needs, and they should target the agency's hiring to address critical skills gaps. In addition, Annual Staffing Plans should set forth the agency's

---

[5] In its membership and functions, the Strategic Hiring Committee should operate in a manner similar to an Executive Resources Board, except it should oversee hiring beyond the Senior Executive Service (SES). *See* OPM, *Hiring and Talent Development in the Senior Executive Service*, at pp. 5, 15-22 (May 29, 2025) (providing guidance on Executive Resources Boards, including a sample charter). Like an Executive Resources Board, the Strategic Hiring Committee should be comprised of 5-9 members and be chaired by a non-career official (preferably the deputy secretary or chief of staff). It may include career officials, but should be comprised of a majority of non-career appointees. Smaller agencies may utilize non-career officials from other agencies to staff their Strategic Hiring Committees. Strategic Hiring Committees should meet regularly, require a quorum to conduct business, and appoint a non-voting Executive Secretary to keep minutes.

[6] With respect to Inspector General hiring, OMB and OPM will develop a staffing review process in consultation with Inspector Generals.

assessment and recruitment strategies for new hires and set aside sufficient slots for the government-wide recruitment initiatives described in the Merit Hiring Plan.[7]

The agency's Annual Staffing Plan shall additionally consider efficiencies that may be created by organizational restructuring, removal of unnecessary management layers, elimination of duplicative or unnecessary functions and positions, consolidation of administrative functions, reduction of unnecessary or low-value contractor positions, performance management of underperforming employees, effective and efficient distribution of workload across similar positions and shared skill sets, process streamlining and improvements, and new technologies. In addition, agencies shall appropriately prioritize hiring for national security, homeland security, and public safety positions.

Until such time as the agency has developed and submitted its Annual Staffing Plan in coordination with OPM and OMB, each agency shall abide by the policies set forth in the July 7, 2025 presidential memorandum *Ensuring Accountability and Prioritizing Public Safety in Federal Hiring*, along with the President's direction in Executive Order 14210[8] that agencies "hire no more than one employee for every four employees that depart," provided that this ratio shall not apply to positions related to national security, immigration enforcement, or public safety.[9] In addition, the OPM Director may make additional exceptions to the four-to-one hiring ratio.[10] In calculating the four-to-one hiring ratio, agencies must only count departures achieved in the current fiscal year (i.e., Fiscal Year 2026), and may not count reductions achieved in previous fiscal years (such as deferred resignations initiated in Fiscal Year 2025).

*Continued Accountability* requires that agencies comply with their Annual Staffing Plan throughout the fiscal year. However, agencies may amend their plans in coordination with OMB and OPM.  In addition, an agency's Annual Staffing Plan may be updated during the course of the year based on enactment of relevant appropriations and/or authorizing legislation. Potential amendments to Annual Staffing Plans shall be submitted to workforce@omb.eop.gov and staffing@opm.gov.

Agencies shall submit updates to OMB and OPM each quarter, beginning with the second quarter of Fiscal Year 2026, showing progress with respect to their Annual Staffing Plan, including an explanation of any significant variances from the annual plan, and providing updates on implementing the recruitment initiatives set forth in the Merit Hiring Plan. OMB and OPM will

---

[7] *See* White House Domestic Policy Council & OPM, *Merit Hiring Plan*, at pp. 4-6, 14-16.

[8] *See* Executive Order 14210, *Implementing The President's "Department of Government Efficiency" Workforce Optimization Initiative*, § 3(a) (February 11, 2025).

[9] However, agencies shall consult with OPM to determine the scope and extent of these exceptions from the four-to-one hiring ratio. Cf. OMB & OPM, *Federal Civilian Hiring Freeze Guidance* at p. 2 (Jan. 20, 2025) (stating that "Agency heads shall consult with the OPM in determining the scope and extent of positions covered by these mandatory exemptions.").

[10] Agencies shall not use contractors to circumvent the four-to-one hiring ratio. However, agencies may request that OPM allow a reduction of contractor full-time equivalents (FTEs) to count toward the four-to-one ratio for hiring federal employees, provided that they report the contractor reduction to OPM, do not backfill the positions with new contractors, and do not backfill the positions with employees whose total compensation exceeds that of the contractor.

provide additional guidance on the contents of Annual Staffing Plans and quarterly updates, along with related data calls, under separate cover.

Going forward, agencies shall prepare Annual Staffing Plans at the start of each new fiscal year in coordination with OMB and OPM, and provide quarterly updates to OMB and OPM. Annual Staffing Plans for FY 2026 shall be submitted to OMB and OPM no later than December 1, 2025.

### III.    Coverage of *Continued Accountability* and Exceptions

The policies and procedures set forth in *Continued Accountability* apply to all executive departments and agencies, regardless of their sources of operational and programmatic funding. They do not apply, however, to military personnel of the armed forces, or to the Executive Office of the President or components thereof. Additionally, *Continued Accountability* does not apply to positions related to national security, immigration enforcement, or public safety. However, for visibility and planning purposes, such positions should be accounted for in the agency's Annual Staffing Plan and quarterly updates to the greatest extent practicable.[11] In addition, agencies shall consult with OPM to determine the scope and extent of these exceptions.[12]

*Continued Accountability* does not apply to non-career positions requiring Presidential appointment or Senate confirmation, non-career positions in the Senior Executive Service, Schedule C or Schedule G positions in the Excepted Service, or to the appointment of any other non-career employees or officials if approved by an agency head appointed by the President, or another official appointed by the President. However, agencies should account for these positions in their Annual Staffing Plans and quarterly updates.

Further, while *Continued Accountability* requires the creation of Strategic Hiring Committees, it additionally makes clear that hiring may proceed where specifically approved by the head of an executive department as defined in 5 U.S.C. § 101. OPM may also authorize the head of an independent establishment (as defined in 5 U.S.C. § 101) to use this exception.

Finally, OPM may make additional exceptions to *Continued Accountability*, which it will evaluate on a case-by-case basis. In addition, exemptions previously granted by OPM shall remain in effect unless withdrawn by OPM.

---

[11] Intelligence Community agencies need not submit Annual Staffing Plans or quarterly updates. OPM may make additional exceptions for certain positions and agencies in unusual circumstances.

[12] Cf. OMB & OPM, *Federal Civilian Hiring Freeze Guidance* at p. 2 (Jan. 20, 2025).