# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,
*et al.,*

    *Plaintiffs*,

v.

SCOTT KUPOR, in his official capacity as
Director of the Office of Personnel
Management, *et al.,*

    *Defendants.*

No.: 1:25-cv-13305

## DEFENDANTS' CONSENT MOTION FOR AN EXTENSION OF TIME, *NUNC PRO TUNC,* TO FILE AN ANSWER

Under Rule 6(b) of the Federal Rules of Civil Procedure and in conjunction with the parties' January 23, 2026 Joint Stipulation and Motion, ECF No. 64, Defendants respectfully move *nunc pro tunc* to continue their deadline of January 9, 2026, to respond to Plaintiffs' complaint, ECF No. 1. Defendants apologize for not meeting their Rule 12 deadline without first moving the Court for an extension or continuance, and submit the following showing of good cause for a continuance *nunc pro tunc.* Undersigned counsel have conferred with Plaintiffs' counsel as to this request, and Plaintiffs have provided their consent, consistent with the Stipulation filed on this date.

1.    On November 6, 2025, Plaintiff filed their Complaint, ECF No. 1, and completed service on the United States on November 11, 2025. ECF No. 51 (return of service).

2.    Under Federal Rule of Civil Procedure 12(a)(2), the United States and its officers and employees sued in their official capacity must respond to a complaint within 60

days after service on the United States Attorney.

3. On November 19, 2026, Defendants filed a motion for preliminary injunction and stay. *See* ECF No. 39, 40.

4. Briefing was completed on the preliminary-injunction and stay motion on January 6, 2026. *See* ECF No. 60.

5. Defendants' response to the complaint was due on January 9, 2026. Defendants did not respond by that date and have not done so as of the date of this Motion due to the press of litigation in other matters and overlapping court deadlines, including two responses to motions for preliminary injunction in unrelated matters due early the following week. Defendants apologize for their failure to meet that deadline.

6. Counsel for the parties have met-and-conferred regarding proposed next steps in this matter following the recent completion of briefing on Plaintiffs' motion for preliminary injunction and stay, and have agreed to a stipulation, to be filed concurrently with this motion, that would continue Defendants' Rule 12 deadline to 30 days following the Court's resolution of that motion.

7. Defendants thus respectfully move *nunc pro tunc* to continue their obligation to respond to the Complaint under Federal Rule of Civil Procedure 12 pending resolution of Plaintiffs' motion for preliminary injunction or stay, consistent with the terms of the parties' Stipulation.

8. There is good cause to stay Defendants' response to the complaint proceedings during the pendency of Plaintiffs' motion. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (stating that a "[d]istrict Court has broad discretion to stay proceedings as an incident to its power to control its own docket"). Any order on Plaintiffs' motion for preliminary injunction and stay necessarily will inform Defendants' response to the Complaint and shape the next steps in the

litigation. Accordingly, considerations of party and judicial efficiency would benefit from resolution of the motion for preliminary injunction before moving on to further proceedings in this case.

9.     Plaintiffs assent to the relief requested in this motion.

Dated: January 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

CHRISTOPHER HALL
Assistant Director, Federal Programs Branch

*/s/ Ryan M. Underwood*
RYAN M. UNDERWOOD
Trial Attorney (D.C. Bar No. 1656505)
United States Department of Justice, Civil
Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-1952
E-mail: ryan.m.underwood2@usdoj.gov

*Counsel for Defendants*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

In accordance with Local Rule 7.1(a)(2), Defendants certify that they have conferred in good faith with Plaintiffs. Counsel for Plaintiff represented that they do not oppose the relief requested herein.

_/s/    Ryan M. Underwood_
Ryan M. Underwood