# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, and NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT KUPOR, in his official capacity as Director of the Office of Personnel Management, OFFICE OF PERSONNEL MANAGEMENT, and THE UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 1:25-cv-13305-GAO |

## PLANTIFFS' NOTICE OF SUPPLEMENTAL FACTS

Plaintiffs American Federation of Government Employees, AFL-CIO; American Federation of State, County and Municipal Employees, AFL-CIO; and National Association of Government Employees, Inc. respectfully submit this Notice of Supplemental Facts to inform the Court of recent factual developments that further demonstrate the urgent need for the relief requested in Plaintiffs' pending Motion for Stay Under 5 U.S.C. § 705 and for Preliminary Injunction. ECF No. 39.

Plaintiffs allege that the Loyalty Question—an essay question that asks applicants for civil service jobs to explain how one of President Trump's Executive Orders is personally significant to them—violates the First Amendment and the Administrative Procedure Act. Defendants have never attempted to defend the Loyalty Question on the merits, nor do they identify any government purpose that it serves. Instead, they have argued that the Loyalty Question is not problematic because they claim that it is optional and that applicants are not

1

6189859

required to respond to it. *See* ECF No. 57 at 1 (the Merit Hiring Plan "modified the process for assessing applicants for certain civil service jobs by including four optional, short-essay questions"); ECF No. 71 at 32:14-16 ("OPM has also directed agencies . . . to advise applicants that their response to this question is not required").

This argument has always been incorrect legally. *See* ECF No. 40 at 15–16, 19–21; ECF No. 60 at 4–6. It has now proven incorrect factually. Recent civil service job postings in fact ***require*** that candidates provide responses to the Loyalty Question. Declaration of Ori Lev, attached herewith ("Lev Decl.") at ¶¶ 2–7. When candidates encounter the Loyalty Question in these postings, it includes a red asterisk indicating that a response is required. *Id.* ¶¶ 2, 4, 6 & Exs. 1, 3, 5. If a candidate does not submit a response to the Loyalty Question, they are unable to apply to the job. *Id.*, ¶¶ 3, 5, 7 & Exs. 2, 4, 6. In short, one of Defendants' primary justifications for the purported legality of the Loyalty Question—that it is not required—is not factually accurate.

This development is all the more problematic in light of the substantial increase in the use of the Loyalty Question in recent months. In March and April (month-to-date) 2026, over 16,000 new civil service job postings have included the Loyalty Question—effectively *doubling* the number of civil service job postings that have included the Loyalty Question since its adoption. *Id.* ¶¶ 8–9. In other words, in the last two months alone, there have been nearly as many job postings that include the Loyalty Question as there were in the first nine months following Defendants' issuance of the Merit Hiring Plan. *Id.* The constitutional harms are multiplied accordingly. Because of the Loyalty Question, each month, thousands (if not tens of thousands) of new job applicants, including Plaintiffs' members, are compelled to speak, when they must

answer a political question as part of their job application; or chilled from speaking their minds or from applying for the jobs at all.

Each time Plaintiffs' members encounter the Loyalty Question, their First Amendment rights are violated. Immediate relief is warranted.

DATED:  April 27, 2026

By:  /s/ Warren A. Braunig

Warren A. Braunig (*Admitted Pro Hac Vice*)
Sara Fitzpatrick (*Admitted Pro Hac Vice*)
Charlotte J. Kamai (*Admitted Pro Hac Vice*)
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391 5400
wbraunig@keker.com
sfitzpatrick@keker.com
ckamai@keker.com
*Counsel for Plaintiffs*

Tsuki Hoshijima (BBO # 693765)
Elena Goldstein (*Admitted Pro Hac Vice*)
Webb Lyons** (*Admitted Pro Hac Vice*)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 991 0159
thoshijima@democracyforward.org
egoldstein@democracyforward.org
wlyons@c.democracyforward.org**
***Of Counsel*
*Counsel for Plaintiffs*

Ori Lev (*Admitted Pro Hac Vice*)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW Suite #163
Washington, D.C. 20006
Telephone: (202) 579-4582
ori.lev@protectdemocracy.org
*Counsel for Plaintiffs*

3

6189859

Rushab B. Sanghvi (*Admitted Pro Hac Vice*)
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
80 F Street, NW
Washington, DC 20001
Telephone: (202) 639-6426
SanghR@afge.org
*Counsel for Plaintiff American Federation of
Government Employees, AFL-CIO (AFGE)*

Matthew S. Blumin (*Admitted Pro Hac Vice*)
AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
AFL-CIO
1625 L Street NW
Washington DC, 20036
Telephone: (202) 775-5900
mblumin@afscme.org
*Counsel for Plaintiff American Federation State,
County, and Municipal Employees, AFL-CIO
(AFSCME)*

Sarah Suszczyk (*Admitted Pro Hac Vice*)
NATIONAL ASSOCIATION OF
GOVERNMENT EMPLOYEES, INC.
159 Burgin Parkway
Quincy, MA 01269
Facsimile:(617) 376-0285
Ssuszczyk@nage.org
*Counsel for Plaintiff National Association of
Government Employees, Inc. (NAGE)*

4

6189859

5

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail.

*/s/Warren A. Braunig*
Warren A. Braunig