UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-13305-GAO

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, AMERICAN
FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, and
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, INC.,
Plaintiffs,

v.

SCOTT KUPOR, in his official capacity as Director of the Office of Personnel Management,
OFFICE OF PERSONNEL MANAGEMENT, and THE UNITED STATES OF AMERICA,
Defendants.

OPINION AND ORDER
July 31, 2026

O'TOOLE, D.J.

The plaintiffs in this civil action—several federal employee labor unions—seek leave to file under pseudonyms certain declarations by their members in support of a motion for preliminary relief pending before the Court. (Pls.' Notice of Mot. and Mem. of P. & A. in Supp. of Mot. for Leave to File Nonparty Decls. under Pseudonyms ("Pls.' Mot. to File under Pseudonyms") (dkt. no. 33).) The plaintiffs have also filed a proposed order that would allow them to file pseudonymous member declarations in support of future motions in this action. (Proposed Order (dkt. no. 33–1).)

Pseudonymous litigation may be warranted, among other reasons, "to forestall a chilling effect on future litigants" in cases where "the injury litigated against would be incurred as a result of the disclosure." See Doe v. Mass. Inst. Tech., 46 F.4th 61, 71–72 (1st Cir. 2022) (establishing four paradigms to guide district courts' balancing of the relevant interests (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992))).

In this case, the plaintiffs challenge a question that they say frequently appears in applications for federal civil service jobs. The question, in relevant part, asks the applicant to "[i]dentify one or two relevant Executive Orders or policy initiatives that are significant to" the applicant "and explain how [the applicant] would help implement them if hired." (Compl., Ex. A at 10 (dkt. no. 1–1).) In the plaintiffs' view, such a question constitutes an unlawful inquiry into a current or prospective civil service employee's political views for the purpose of assessing the applicant's "loyalty" to the Trump administration and its policies.

To support their argument that pseudonymous declarations are appropriate here, the plaintiffs cite what they characterize as precedent examples of retaliatory adverse employment actions taken by executive officials against federal employees who "express[] political and social views that do not align with the President's." (Pls.' Mot. to File under Pseudonyms at 5, 6 n.1 (collecting asserted examples); see Decl. of C. Kamai in Supp. of Pl.'s Mot. for Leave to File Nonparty Decls. under Pseudonyms (dkt. no. 34) (same).) It follows, the plaintiffs argue, that the declarants in this case reasonably fear that if their identities are revealed in connection with a challenge to agency action implementing the question at issue, the declarants would be identified as "insufficiently loyal to the President" and thus likely to suffer the same harm that the plaintiffs seek to deter by the instant action—adverse employment action taken on account of a current or perspective employee's political views, real or perceived. (Pls.' Mot. to File under Pseudonyms at 7.)

The Court concludes that, at this stage of the litigation, the plaintiffs have made a sufficient showing to justify the filing of pseudonymous member declarations in support of the motion for preliminary relief. Cf. Mass. Inst. Tech., 46 F.4th at 64 ("[d]rawing upon the complaint" in adjudicating appeal from denial of motion to proceed under pseudonym). That conclusion,

however, is limited to the motion for preliminary relief only. Should the plaintiffs wish to file pseudonymous declarations in support of any future motion, they must first seek leave of the Court. See id. at 73 (explaining that the balance between the relevant interests may shift as the litigation proceeds). Accordingly, the motion is GRANTED in part and DENIED in part.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge