**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT KUPOR, in his official capacity as Director of the Office of Personnel Management, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-13305-GAO |

**COMPLIANCE STATUS REPORT**

Defendants U.S. Office of Personnel Management and Director of OPM Scott Kupor ("Defendants") provide this status report detailing compliance with the Court's Order of September 11, 2026, ECF No. 87.

1. On May 29, 2025, Defendants[1] issued a Merit Hiring Plan directing, in relevant part, that federal agencies include four essay questions in civil service vacancy announcements for positions graded GS-05 and above. Question Three, the focus of this suit, stated:

> How would you help advance the President's Executive Orders and policy priorities in this role? Identify one or two relevant Executive Orders or policy initiatives that are significant to you, and explain how you would help implement them if hired.

[1] Charles Ezell, then Acting Director of OPM, transmitted the Merit Hiring Plan. *See* Compl., Ex. A, ECF No. 1-1 at 1. Mr. Ezell concluded his tenure as Acting Director on July 15, 2025, and Scott Kupor assumed office as OPM Director that day, following Senate confirmation. OPM, *Chuck Ezell Concludes Tenure as Acting Director of OPM* (July 15, 2025), available at https://perma.cc/RG32-HGRR.

Compl., Ex. A, ECF No. 1-1 at 10 (hereafter, "Question Three"). On June 23, 2025, Defendants issued further Merit Hiring Plan Guidance encouraging agencies to use these questions, including Question Three, for internal and external hiring (hereafter, "Merit Hiring Plan Guidance").

2. Following briefing and oral argument, the Court issued its September 11 Order staying the Merit Hiring Plan and Merit Hiring Plan Guidance under 5 U.S.C. § 705 insofar as they directed the inclusion of Question Three. Stay Or., ECF No. 87 at 1. It also ordered Defendants to provide notice of the Order to all agencies to which the Merit Hiring Plan and Merit Hiring Plan Guidance were applicable within seven days (by September 18, 2026) and to file a status report describing the actions undertaken to comply with the Stay within fourteen days (by September 25, 2026). *Id*.

3. As required by the Order, on September 18, Defendants distributed a notice titled "Merit Hiring Plan—Revised Essay Questions and Treatment of Prior Question Three Responses," attached as Exhibit 1 (hereafter "Stay Notice"), addressed to all agencies to which the Merit Hiring Plan and related guidance applied. *Compare* Ex. 1 *with* Merit Hiring Plan Guidance, Compl., Ex. B, ECF No. 1-2 at 3 *and* Merit Hiring Plan, Compl., Ex. A, ECF No. 1-1 at 1. The Stay Notice informed Agency Heads, Chiefs of Staff, Chief Human Capital Officers ("CHCOs"), Deputy CHCOs, and Human Resource Directors of the Order and explained that they "cannot consider candidate responses to the prior Question [Three] in their evaluation of candidates for any open vacancy." *Id*. at 1. That same day, OPM's USA Staffing Program Office sent a companion notice to agency representatives on the USA Staffing Advisory Board describing the system changes discussed below, attached as Exhibit 3 (hereafter "USA Staffing Notice").

4. The Stay Notice informed agencies that they "do not need to reopen previous hiring actions or repost current job announcements that close on or before September 25, 2026." *Id*. As

the attached declaration of Erika Vega, Deputy Associate Director of OPM's Federal Systems Center, explains, the USAJOBS technological platform has constraints that limit OPM's reasonable ability to modify job postings that were open prior to the Court's September 11 Order. Vega Decl., Ex. 2 ¶ 4. Changes such as deleting Question Three from then-open job postings on USAJOBS cannot be accomplished through a single system-wide action. *Id.* ¶ 4(a). Instead, removing Question Three from those open job postings would require USA Staffing—the talent acquisition system OPM operates for most federal agencies—to manually delete and then re-release each of the approximately 6,000 job announcements open at the time of the September 11 Order. *Id*. This is an action that USA Staffing has never before undertaken to open announcements and would put an enormous strain on its staff. *Id*. ¶ 4. Moreover, apart from the significantly manual and laborious process, if the re-release encountered errors (a not insignificant likelihood), agencies could be required to close and reopen the affected announcements. *Id*. ¶ 4(b). That would disrupt the active hiring actions in progress and impede both the agencies in their hiring efforts and the job candidates in their application processes. *Id.* Because most of those announcements will close by the end of September 2026, OPM determined that the lower-risk course was to expressly and unequivocably direct agencies *not* to consider responses to Question Three but to leave the then-open job postings unchanged. *Id.* ¶ 4(c).

5. For announcements open at the time of the Order that close on September 26, 2026, or later, OPM is replacing Question Three. Ex. 3 at 1. USA Staffing account managers provided each agency a report of those announcements and asked each agency to confirm by September 23, 2026, whether USA Staffing should replace Question Three with the revised question described below and re-release the announcement to USAJOBS, or whether the agency will reannounce the

position itself. Ex. 2 ¶ 5; Ex. 3 at 1. As of this filing, 2,400 such announcements have been re-released or reannounced. Ex. 2 ¶ 5.

6. For vacancy announcements that open on Saturday, September 19 or thereafter, OPM no longer includes Question Three. Ex. 1 at 1. Instead, OPM has added the following new question that complies with the Court's September 11 Order:

> In this role, you will be expected to professionally and efficiently implement executive direction. Provide an example where you implemented leadership direction on a strategy or policy decision that differed from your own recommendation.

Ex. 1 at 1. USA Staffing has deployed a script that removes Question Three from, and adds the revised question to, all announcements opening on or after September 19, 2026, and has removed Question Three from the announcement item library and item bundles so that it cannot be used in future announcements. Ex. 2 ¶ 6; Ex. 3 at 1–2.

7. In addition, the Stay Notice directed agencies to add the following new question to future announcements (hereafter, "Question Five"):

> This position supports [agency]'s mission and current priorities, including [insert 1 to 3 current agency-wide priorities]. Describe how your skills and experience would help the agency advance those priorities in this role.

*Id*. at 2. The Stay Notice directed agencies to "populate the bracketed text with important priorities drawn from the agency's current strategic plan, annual performance plan, or other current agency priorities" and explained that "[t]he text must be the same for all job announcements within the agency." *Id*.

8. The Stay Notice instructed agencies and Offices of Inspector General to submit their Question Five wording to OPM by September 30, 2026, for review and customization support. *Id*. OPM will insert the approved Question Five into future job announcements as soon as possible for agencies that utilize USA Staffing. *Id*. Agencies utilizing other Talent Acquisition

Systems will work with their account manager to implement the approved Question Five as soon as possible and no later than November 2, 2026. *Id.*; Ex. 2 ¶ 9.

Dated: September 25, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Richard C. Giles*
Richard C. Giles
Trial Attorney (WY Bar No. 8-7222)
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel.:(202) 598-7598
Fax: (202) 616-8470
Email: Richard.C.Giles@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, the foregoing pleading was filed electronically through the CM/ECF system, which causes all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Richard Cody Giles*
Richard Cody Giles
Trial Attorney
United States Department of Justice