# Exhibit 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT KUPOR, in his official capacity as Director of the Office of Personnel Management, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-13305-GAO |

**DECLARATION OF ERIKA VEGA**

I, Erika Vega, declare as follows:

1. I am the Deputy Associate Director of the Federal Systems Center within the U.S. Office of Personnel Management's ("OPM") Human Resources Solutions. The Federal Systems Center develops and operates USA Staffing, the talent acquisition system that OPM provides to federal agencies and that most agencies use to build job opportunity announcements, post them to USAJOBS, and assess applicants. In that position I am responsible for ensuring the system functionality of OPM's suite of Human Resources Information Technology systems including USAJOBS and USA Staffing is aligned with Federal regulation, policy, and guidance. I have served in that position since February 2024. The statements in this declaration are based on my personal knowledge and on information provided to me in the course of my official duties.

2. I am aware that this Court issued a stay in the above-captioned lawsuit on September 11, 2026, against OPM and Scott Kupor, in his official capacity as Director of OPM

(“Defendants”), staying Defendants from directing the inclusion of the following question in civil service employment applications graded GS-05 and above:

> How would you help advance the President’s Executive Orders and policy priorities in this role? Identify one or two relevant Executive Orders or policy initiatives that are significant to you, and explain how you would help implement them if hired.

(“Question Three”). *See also* Stay Or., ECF No. 87 at 1.

3. On September 18, 2026, OPM provided notice of the Court’s stay by email to Agency Heads, Chiefs of Staff, Chief Human Capital Officers (“CHCOs”), Deputy CHCOs, and Human Resources Directors and directed that, in compliance with this Court’s September 11 Order, they cannot consider candidate responses to the prior Question Three in their evaluation of candidates for any open vacancy. A true and correct copy of the notice is attached as Exhibit 1. That same day, OPM’s USA Staffing Program Office sent a companion notice to the USA Staffing Advisory Board, which is composed of representatives of the agencies that use USA Staffing, describing the system changes USA Staffing would make and the actions those agencies must take in USA Staffing to implement the Court’s stay. A true and correct copy of that notice is attached as Exhibit 3.

4. In determining how to address the system changes in USA Staffing, OPM separated announcements into three timeframes. 1) Announcements that were already open on USAJOBS when the court issued its stay and would close on September 25 or sooner; 2) Announcements that were already open on USAJOBS when the court issued its stay and would remain open beyond September 25, 2026; and 3) Announcements that would open on September 19 or later. OPM evaluated whether Question Three could be removed from job opportunity announcements that already were open on USAJOBS when the Court issued its stay. At the time of the Order, approximately 6,000 open announcements contained Question Three. OPM determined that changing this large number of announcements that were already open and available to applicants

technologically was unfeasible and imposed too much risk to the application process for the reasons detailed immediately below.

a. Once an announcement has been released to USAJOBS and opened to applicants, USA Staffing cannot change the applicant-facing content of the announcement through a single system-wide change. To remove Question Three from the applicant view of an open announcement, USA Staffing would have to create and run a script to automatically delete the question and then manually re-release each affected announcement to USAJOBS. Such a posting-by-posting change of approximately 6,000 announcements would require an extraordinary amount of time and effort to accomplish. Additionally, USA Staffing has never made a mass change of this kind to open announcements, so there was no precedent for the full level of effort and risk associated with such a change; instead, changes to formats, questions, and requested information are done prospectively and typically made by the agencies themselves, not by OPM.

b. Apart from the technical difficulty, such individual and manual changes also have the very real possibility of adversely impacting candidates who applied for then-open positions. If the re-release encountered errors, agencies likely would be required to close the affected announcements and reopen them, which would disrupt hiring actions already in progress and cause candidates who had applied to have their applications impacted, up to and including the need to re-apply for the position. Apart from the significant difficulty the manual, posting-by-posting edits would have on OPM and its staff, this presents a significant adverse risk to the applicants themselves.

c. Many of those approximately 6,000 announcements will have closed by the September 25th deadline from the Court to implement the changes. Given the short amount of time between the effective date of the Court's September 11 Order and September 25, 2026, OPM determined that the lower-risk and better course of compliance was (i) to leave announcements closing on or before September 25 unchanged; (ii) to expressly and unequivocably direct agencies not to consider any response to Question Three in evaluating candidates; and (iii) to advise agencies that they need not reopen previous hiring actions or repost those announcements.

5. For announcements that were open at the time of the Order and that close on September 26, 2026, or later, OPM directed agencies to replace Question Three or work with USA Staffing to replace it for them. USA Staffing account managers provided each agency a report listing those announcements and asked each agency to confirm, by September 23, 2026, whether (a) the agency authorizes USA Staffing to replace Question Three with the revised question described in paragraph 7 below and re-release the announcement to USAJOBS, or (b) if the agency will itself reannounce the position with the revised question. Ex. 3 at 1. As of the date of this declaration, 12 Departments and 18 agencies have responded, and USA Staffing began running a script on September 25th to automatically replace Question 3 and manually re-release approximately 2,400 open announcements. For these announcements, applicant responses to the prior Question Three language will not be viewable by the agency.

6. For announcements with opening dates of September 19, 2026, or later, the risks described in paragraph 4 do not arise because those announcements had not yet been released on USAJOBS. USA Staffing developed and tested a script that removed Question Three from those new announcements and inserted the revised Question Three, and deployed it on September 18.

For these announcements, no applicants would have been presented with the prior Question Three wording. All applicant responses will be for the revised Question Three wording. The same day, USA Staffing also removed Question Three from the announcement item library and the accompanying item bundle so that it is not an option and cannot be added to future announcements. Because USA Staffing cannot centrally change agencies' Office-level Announcement Default Settings, the notice to the USA Staffing Advisory Board directed agencies to remove Question Three from those settings and to confirm that they are not using custom versions of the essay questions that the script would not reach. Ex. 3 at 1–2.

7. For vacancy announcements opening on Saturday, September 19 or later, the notice informed agencies that OPM would replace Question Three in USA Staffing with the following new question that complies with the Court's Order:

> In this role, you will be expected to professionally and efficiently implement executive direction. Provide an example where you implemented leadership direction on a strategy or policy decision that differed from your own recommendation.

Ex. 1 at 1.

8. Announcements that were open prior to September 19th and closed on September 25th or earlier could have included the prior Question Three language. In addition to OPM directing agencies not to consider any response to Question Three in evaluating candidates, OPM is researching an additional solution designed to remove responses to prior Question Three from the agency view in USA Staffing. If successful, this additional solution could be deployed sometime the week of September 28th.

9. In addition, the notice directed agencies to add the following new question to future announcements (hereafter, "Question Five"):

> This position supports [agency]'s mission and current priorities, including [insert 1 to 3 current agency-wide priorities]. Describe how your skills and experience would help the agency advance those priorities in this role.

*Id*. at 2. The notice directed agencies to "populate the bracketed text with important priorities drawn from the agency's current strategic plan, annual performance plan, or other current agency priorities" and explained that "[t]he text must be the same for all job announcements within the agency." *Id*.

10. Each agency, and each Office of Inspector General, must submit its Question Five wording to OPM by September 30, 2026. Ex. 1 at 2. Once OPM approves an agency's wording, USA Staffing will add the approved Question Five to that agency's item bundle, and to future announcements built from it, no later than November 2, 2026. Ex. 3 at 2. Agencies that use other talent acquisition systems must implement their approved Question Five through their own systems by the same date. Ex. 1 at 2.

I, Erika Vega, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: September 25, 2026

ERIKA VEGA

Digitally signed by ERIKA VEGA
Date: 2026.09.25 17:33:26 -04'00'

Erika Vega
Deputy Associate Director,
Federal Systems Center
U.S. Office of Personnel Management